UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELVIN ACOSTA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br><br>590-600 REALTY CORP., RAJMATTIE PERSAUD, and KARAN SINGH,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br><br><br>**Collective Action and Class Action Complaint** |

Plaintiff MELVIN ACOSTA, individually and on behalf of others similarly situated by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants 590-600 REALTY CORP. ("Realty" or the "Corporate Defendant"), RAJMATTIE PERSAUD ("Persaud"), and KARAN SINGH ("Singh") (Persaud and Singh are the "Individual Defendants") (collectively, the "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Defendant Realty is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place in the City of New York.

4. At all times relevant hereto, Defendants have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5. At all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6. Plaintiff and Defendants' other employees regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

7. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

9. The Individual Defendants are the owners and/or managers of the Corporate Defendant and oversee the work of its employees.

10. Each Individual Defendant possesses and executes the authority to hire and fire employees, supervise their work schedules, and set their terms of compensation.

11. Defendant Singh hired and fired Plaintiff, set his schedule and set his rate of pay.

12. Each Individual Defendant exercises sufficient operational control over the Defendants' operations to be considered Plaintiff's employer under the FLSA and New York State Labor Law ("NYLL").

13. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff.

14. At all relevant times hereto, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

15. Plaintiff brings this action on behalf of (a) himself and other similarly situated employees who have worked for the Defendants on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) himself and other similarly situated employees on or after the date that is six (6) years before the filing of this Complaint pursuant to the NYLL and the New York Commissioner of Labor's Wage Orders codified at 12 N.Y.C.R.R. 141 *et seq.*, based upon the following acts and/or omissions:

  i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff when he worked in excess of forty (40) hours per week;

  ii. Defendants' failure to pay minimum wage compensation required by state law;

  iii. Defendants' failure to provide Plaintiff with proper paystubs as required by NYLL § 195;

  iv. Defendants' retaliatory actions against Plaintiff under the FLSA and NYLL.

16. Plaintiff also brings a claim for his personal property that Defendants converted when they evicted him from his apartment and failed to return.

## FACT ALLEGATIONS

17. At all times relevant hereto, Defendants have committed the following acts and/or omissions with knowledge that they have been violating federal and state laws and that Plaintiff has been and continue to be economically injured.

18. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### *Plaintiff's Schedule and Pay*

19. Defendants employed Plaintiff as a maintenance worker from 2010 until August 2020.

20. Plaintiff worked at a building located at 590-600 Fulton Avenue in Hempstead and was responsible along with the with the building superintendent for approximately 350 apartments.

21. Along with the building superintendent, Plaintiff was responsible for the upkeep of the building, which included, but was not limited to, performing various tasks including maintaining the sidewalks in front of the buildings, cleaning the lobbies, taking out garbage, cleaning and mopping the floors and stairwells, responding to tenant complaints, maintaining the boilers and washing machines, and cleaning the doors and exterior windows.

22. Plaintiff was primarily responsible for responding to tenant complaints because he resided in the building unlike the building superintendent.

23. In this capacity, Plaintiff worked 7 days a week.

24. Since 2014, Plaintiff began work at 8:00 a.m. and then usually worked until 8:00 p.m., although Plaintiff often would work later if he had to respond to tenant complaint.

25. For this work, at the end of Plaintiff's employment, Defendants paid Plaintiff a salary each week, which usually did not exceed $900. Because Defendants did not provide paystubs to Plaintiff or any other documentation, he is not aware of the rate of pay he received. However, upon information and belief, Plaintiff's salary divided by hours worked resulted in an hourly rate no higher than $14.75 per hour at any point of his employment.

26. Because Defendants did not provide Plaintiff with a paystub, he was never sure exactly how he was being paid. However, he was sure that he was not paid properly given his pay and the number of hours he worked.

27. Defendants failed to pay Plaintiff any additional pay for his extensive overtime hours.

### *Defendants' Violations of NYLL § 195*

28. Defendants failed to provide Plaintiff with a wage notice that listed his rate of pay as well as other information required by NYLL § 195.

29. Defendants failed to provide Plaintiff with paystubs in compliance with NYLL § 195.

30. Defendants failed to provide Plaintiff with wage statements stating, among other things, the number of overtime hours he worked or his hourly rate for overtime hours.

31. Defendants also failed to provide Plaintiff with a wage notice stating, among other things, his hourly rate and overtime hours rate of pay.

### *Defendants' Retaliation Based on Plaintiff's Complaints and Conversion of Plaintiff's Property.*

32. Throughout Plaintiff's employment, Plaintiff would complain to Defendant Singh about how he was being paid and asked for an explanation about his pay.

33. Defendant Singh would tell Plaintiff that he was illegal and did not deserve an explanation.

34. Defendant Singh also told Plaintiff that he would call the immigration authorities and have him deported if he kept complaining.

35. In December 2020, Plaintiff complained to Defendant Singh about not being paid properly.

36. In response, Defendant Singh told him he would report him to immigration and offered him $5,000 to leave and threatened to kill him if he did not take the money.

37. When he refused to take the money, Defendant Singh terminated his employment and told him to leave the apartment or he would call former President Donald Trump and have him deported.

38. Defendant Singh also threatened to have Plaintiff beaten up or killed.

39. Afraid for his life, Plaintiff vacated the building with his family. When he left, Plaintiff only took his most necessary possessions.

40. Plaintiff's wife went to the building a few days later to retrieve the family's possessions but the locks had been changed and, upon information and belief, Plaintiff's possessions had been thrown out. Plaintiff never received his possessions back.

## COLLECTIVE ACTION ALLEGATIONS

41. Defendants' failure to comply with the FLSA extended beyond the Plaintiff to all other similarly situated employees insofar as Defendants had a policy to not pay their employees for the hours they worked in excess of 40.

42. Plaintiff seeks certification of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself, individually, and all other similarly situated current and former maintenance workers, building superintendents, and individuals performing similar duties for Defendants.

43. The consent to sue form for the Plaintiff is attached hereto as **Exhibit 1**.

44. Upon information and belief, there are at least 100 current and former maintenance workers who have been denied proper overtime wage compensation while working for Defendants.

45. At all relevant times, Plaintiff and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiff stated herein are similar to those of the other employees.

## CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

46. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by the Defendants as current and former maintenance workers, building superintendents, and individuals performing similar duties for Defendants and duties but who did not receive proper minimum wage, overtime pay or proper wage notices and/or wage statements in respect to their work for the Defendants.

47. Upon information and belief, this class of persons consists of not less than 100 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

48. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

49. The claims of Plaintiff are typical of the claims of the above-described class in that all the members of the class have been similarly affected by the acts and practices of the Defendants.

50. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

51. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

52. Plaintiff brings the second through fourth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

### FIRST CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations)

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. Throughout the statute of limitations period covered by these claims, Plaintiff and others similarly situated regularly worked in excess of forty (40) hours per workweek.

8

55. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

56. Plaintiff and others similar situated seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations)

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

59. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

60. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (NYLL Minimum Wage Violations)

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. New York law requires that an employee be paid a minimum wage for all hours worked.

63. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required minimum wage rates.

64. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (NYLL Failure to Notify)

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. Pursuant to §195(3) of the NYLL, Defendants were required to provide to Plaintiff and others similarly situated a wage statement containing, *inter alia*, a record of each hour worked and the employee's rate of pay.

67. Defendants failed to provide Plaintiff and others similarly situated with proper wage statements in accordance with §195 of the NYLL.

68. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such wage statement, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(NYLL Retaliation)**

69. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70. NYLL § 215 prohibits an employer from retaliating against an employee because "such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

71. In committing the above-mentioned retaliatory acts, Defendants have retaliated against Plaintiff for making a complaint that Defendants violated the NYLL.

72. As a direct and proximate result of Defendants unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief deemed just and proper.

## SIXTH CLAIM FOR RELIEF
### (FLSA Retaliation)

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74. 29 U.S.C. § 215 prohibits employers from "discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

75. In committing the above-mentioned retaliatory acts, Defendants have retaliated against Plaintiff for making a complaint that Defendants failed to comply with the FLSA.

76. As a direct and proximate result of Defendants unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by FLSA § 216 and supporting regulations, and such other legal and equitable relief deemed just and proper.

## SEVENTH CLAIM FOR RELIEF
### (Conversion)

77. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

78. Plaintiff resided in an apartment in the buildings he worked at.

79. Upon Plaintiff's termination, Defendants converted Plaintiff's property and never returned it.

80. Defendants intentionally and without authority assumed and exercised control over Plaintiff's property, interfering with Plaintiff's right of possession.

81. Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a proximate result of Defendants' conversion, unless and until this Court grants the relief hereinafter described

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages, including mental anguish, pain and suffering damages sustained because of Defendants' retaliatory conduct, in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Punitive Damages;

E. The value of Plaintiff's property that Defendants converted;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: December 10, 2021
New York, New York

Respectfully submitted,

*Michael Taubenfeld*
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

# EXHIBIT 1

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by 590-600 REALTY CORP., and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

MELVIN ACOSTA
NAME

/s/
SIGNATURE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Melvin Acosta.

KATHERINE TENEMPAGUAY

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de 590-600 REALTY CORP., o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Melvin Acosta
_____
NOMBRE

DocuSigned by:
*Melvin Acosta*
B241A39EFF94438...
_____
FIRMA

12/9/2021
_____
FECHA